IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAWOOD ASIM BROWN, SR.,

                              **Petitioner,**

        **v.**                                                        CASE NO. 07-3305-RDR

**CLAUDE CHESTER,**

                              **Respondent.**

**O R D E R**

This matter is before the court on a petition for a writ of mandamus filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Petitioner proceeds pro se, and the court grants petitioner's motion for leave to proceed in forma pauperis in this matter.

Petitioner claims he is being incarcerated beyond the 63 month sentence imposed for his federal kidnapping conviction, and that he is entitled to credit for 22 months he served in state custody on related offenses. Petitioner seeks the re-computation of his federal sentence and his immediate release, and further argues error in the date of his release to a halfway house for commencement of his supervised release.

Having reviewed petitioner's allegations, the court denies petitioner's request for a writ of mandamus.

Under 28 U.S.C. § 1361, a United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency

thereof to perform a duty owed to the plaintiff." The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). The petitioner also must show that his right to the writ is "clear and indisputable." Id. *See* Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994)(mandamus is a drastic remedy available only upon a showing of a clear and indisputable right to the relief requested). Petitioner makes no such showing in this case.

Petitioner is alleging error in the execution of his federal sentence, thus relief on his claim can and should be pursued under 28 U.S.C. § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997). The fact that petitioner has previously sought, without success, relief under § 2241 on the same allegations of error in the execution of his federal sentence does not render the remedy available under § 2241 inadequate.[1] Accordingly, the court finds petitioner is not entitled to mandamus relief on his

---

[1] *See* Brown v. Morris, Case No. 05-483 (E.D.Tex. January 5, 2006)(relief on § 2241 claim for concurrent service of state and federal sentences denied), *affirmed* (5th Cir. May 25, 2007); Brown v .Terrell, Case No. 07-3135-RDR (§ 2241 claim for credit on federal sentence), voluntarily dismissed by petitioner July 16, 2007, in response to order directing petitioner to show cause why the petition should not be dismissed under 28 U.S.C. § 2244(a) as a successive petition); Brown v. Terrell, Case No. 07-3214-RDR (D.Kan. October 15, 2007)(dismissing § 2241 petition as a successive petition, pursuant to 28 U.S.C. § 2244(a)).

claims.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the petition for a writ of mandamus is denied, and that petitioner's motion for a ruling (Doc. 6) is denied as moot.

DATED:  This 12th day of December 2008, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge